DYKEMA GOSSETT LLP
TAMARA A. BUSH, State Bar No. 197153
  *TBush@dykema.com*
333 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile:  (213) 457-1850

DYKEMA GOSSETT PLLC
JOHN M. THOMAS, State Bar No. 266842
  *JThomas@dykema.com*
2723 South State Street, Suite 400
Ann Arbor, Michigan 48104
Telephone: (734) 214-7660
Facsimile:  (734) 214-7696

Attorneys for Defendants
Harley-Davidson Motor Company Group, LLC
and Harley-Davidson Motor Company, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| SCOTT KOLLER, on behalf of himself, the general public, and those similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC, and HARLEY-DAVIDSON MOTOR COMPANY, INC.,<br><br>    Defendants. | Case No. 4:22-CV-04534-HSG<br><br>Honorable Haywood S. Gilliam, Jr.<br><br>**DEFENDANTS' NOTICE OF ADMINISTRATIVE MOTION AND ADMINISTRATIVE MOTION FOR EXPEDITED HEARING OR RULING ON DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS PENDING RESOLUTION OF DEFENDANTS' MOTION TO TRANSFER VENUE**<br><br>[*Concurrently filed with Declaration of Tamara A. Bush and Proposed Order*]<br><br>Complaint Filed:   August 5, 2022 |

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD**:

**NOTICE IS HEREBY GIVEN** pursuant to the Federal Rules of Civil Procedure, that Defendants Harley-Davidson Motor Company Group, LLC and Harley-Davidson Motor Company, Inc. (hereinafter, "Harley-Davidson" or "Defendants"), pursuant to N.D. Cal. Civ. L.R. 7-11 and the Court's Scheduling Notes, will and hereby do bring an administrative motion to expedite the hearing or ruling without a hearing on Harley-Davidson's Motion to Stay All Proceedings Pending Resolution of Harley-Davidson's Motion to Transfer Venue to the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1404(a) ("Motion to Stay"). In support of their Motion, Defendants state as follows:

1. On or about August 5, 2022, Plaintiff Scott Koller filed his consumer putative class action complaint in this Court alleging that Harley-Davidson's 2021 limited warranty for new Harley-Davidson motorcycles fails to comply with federal and state law. (Dkt. No. 1, Complaint, ¶1.) Plaintiff served the Complaint on the Harley-Davidson Defendants on September 7, 2022. (Dkt. No. 19.) On September 15, 2022, this Court issued a notice setting a case management conference for November 8, 2022, at 2:00 p.m. (Dkt. No. 18.) The parties' case management statement is due November 1, 2022. (*Id.*) The parties' stipulation and proposed order identifying the alternative dispute resolution ("ADR") process the parties have selected and the proposed deadline by which to conduct the ADR session is also due on November 1, 2022. N.D. Cal. L.R. 16-2, 16-8. On September 26, 2022, the parties entered into a stipulation to extend the deadline to respond to the Complaint by thirty days to October 28, 2022. (Dkt. No. 19.)

2. On October 13, 2022, Harley-Davidson's counsel informed Plaintiff's counsel that Harley-Davidson planned to file a motion to transfer venue to the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1404(a) where two other putative class action cases were recently filed that arise from the same general factual allegations as this case. *See* Decl. of Tamara Bush, ¶ 3. Plaintiff's counsel

DEFENDANTS' NOTICE OF ADMINISTRATIVE MOTION AND ADMINISTRATIVE MOTION FOR
EXPEDITED HEARING OR RULING ON DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS PENDING
RESOLUTION OF DEFENDANTS' MOTION TO TRANSFER VENUE

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

responded that Plaintiff would not stipulate to a transfer. *Id.* Harley-Davidson's counsel requested that Plaintiff stipulate that Harley-Davidson's response to the Complaint be due 30 days after the Court decides Harley-Davidson's Motion to Transfer and that the November 8, 2022 case management conference and related deadlines be continued until the Court has decided the Motion to Transfer. *Id.* Plaintiff's counsel agreed to a continuance of the November 8, 2022 case management conference and November 1, 2022 deadline to file a case management statement, but Plaintiff's counsel advised that Plaintiff would not stipulate to a stay or extension on Harley-Davidson response to the Complaint. *Id.* Plaintiff also advised that Plaintiff seeks to conduct a discovery conference in order to commence discovery. *Id.*

On October 17, 2022, the parties filed a Stipulation Regarding Continuation of the November 8, 2022 Case Management Conference and November 1, 2022 Case Manage Statement Deadline Pending Resolution of Defendants' Motion to Transfer Venue. (Dkt. No. 21.) Harley-Davidson filed a Notice of Pendency of Other Actions pursuant to L.R. 3-13, identifying the two putative class actions recently filed in the Eastern District of Wisconsin. (Dkt. No. 20.) Further, Harley-Davidson will file its Motion to Transfer this action to the Eastern District of Wisconsin by October 21, 2022.

On October 18, 2022, Harley-Davidson's counsel informed Plaintiff's counsel of the intent to file a Motion to Stay and an Administrative Motion for Expedited Hearing or Ruling on same. *See* Decl. of Tamara Bush, ¶ 4. Counsel for Plaintiff advised that Plaintiff advised that Plaintiff will not stipulate to the Motion to Stay or the Administrative Motion to Expedite.

3.      N.D. Cal. Civ. L.R. 7-11 provides that "during the course of case proceedings a party may require a Court order with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge." A motion for administrative relief "is

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

1   deemed submitted for immediate determination without hearing on the day after the

2   opposition is due." N.D. Cal. Civ. L.R. 7-11(c). Courts in this district routinely

3   grant administrative motions when the moving party shows good cause. *See, e.g.*,

4   *Dugan v. Lloyds TSB Bank, PLC*, 2013 U.S. Dist. LEXIS 51162, 2013 WL

5   1435223, *1 (N.D. Cal. 2013).

6      4.    Expediting the hearing or ruling on the Motion to Stay would benefit

7   the parties as well as the Court because the Court's resolution of the transfer issue

8   could potentially obviate the need for the parties to engage in any further litigation

9   activities in this Court. However, if the Motion to Stay is required to proceed under

10  the current noticed motion schedule, rather than on an expedited basis, the Motion

11  for Stay would not be heard until at least January 12, 2023. Thus, the parties will be

12  required to engage in well over two months of litigation activity in this Court prior

13  to knowing where this case will ultimately be heard (should the Court ultimately

14  transfer this case to United States District Court for the Eastern District of

15  Wisconsin).

16     5.    This months-long delay is likely to result in substantial cost to the

17  parties, including, but not limited to, significant additional discovery costs and

18  potential dispositive motion practice.  The relief requested would not prejudice

19  Plaintiff as a mere few months delay in potential recovery of damages is not a

20  sufficient basis to establish harm.

21     6.    An expedited hearing or ruling on the Motion to Stay would serve the

22  orderly administration of justice as it would allow Defendants' Motion for Stay to

23  be decided before the various activities that should be stayed occur. That would

24  then allow the determination of where this action will be heard to be decided before

25  the parties take substantive action to litigate the case, including the filing of motions

26  that may not ultimately be decided by this Court or may not comport with the local

27  requirements of the Eastern District of Wisconsin if the action is transferred.

28  Therefore, there is good cause to rule on the Motion to Stay in an expedited manner

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

1   because such a ruling would protect the parties and the Court from unnecessary time

2   and expense while the Motion to Transfer is being decided.

3   **CONCLUSION AND RELIEF REQUESTED**

4          For the foregoing reasons, Harley-Davidson respectfully requests that the

5   Court issue an order expediting the hearing on Defendants' Motion to Stay or

6   alternatively issue an order ruling on the Motion to Stay without a hearing.

7

8   DATED:  October 18, 2022          DYKEMA GOSSETT LLP

9

10                                 By:  */s/ Tamara A. Bush*
                                       JOHN M. THOMAS
11                                     TAMARA A. BUSH
                                       Attorneys for Defendants
12                                     Harley-Davidson Motor Company Group,
                                       LLC and Harley- Davidson Motor
13                                     Company, Inc.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

## **CERTIFICATE OF SERVICE**

I, Tamara A. Bush, an attorney, hereby certify that I caused a complete and accurate copy of the foregoing document to be served via this Court's ECM/ECF notification system, which will serve electronically to all participants in this case.

DATED:  October 18, 2022          DYKEMA GOSSETT LLP

By: */s/ Tamara A. Bush*
      JOHN M. THOMAS
      TAMARA A. BUSH
      Attorneys for Defendants
      Harley-Davidson Motor Company Group,
      LLC and Harley- Davidson Motor
      Company, Inc.

CASE NO. 4:22-CV-04534-HSG
DEFENDANTS' NOTICE OF ADMINISTRATIVE MOTION AND ADMINISTRATIVE MOTION FOR EXPEDITED HEARING OR RULING ON DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS PENDING RESOLUTION OF DEFENDANTS' MOTION TO TRANSFER VENUE